# PHILLIPS DAYES
LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
PRESTON K. FLOOD, No. 032764
seand@phillipsdayeslaw.com
(602) 288-1610 ext. 432
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Gamper;<br><br>Plaintiff,<br><br>vs.<br><br>Western Governors University, a Utah corporation;<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Gabriel Gamper for his Complaint against Defendant Western Governors University, ("Defendant") alleges as follows:

### NATURE OF THE CASE

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq.* ("Title VII"), prohibits employment discrimination based on race, color, religion, sex and national origin.

2. Plaintiff seeks to recover damages in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well pre-judgment

interest, attorneys' fees and costs resulting from Defendant's discrimination against Plaintiff in the terms and conditions of his employment on the basis of his race, Latino, and his religion, non-denominational Biblical Christian, in violation of Title VII.

3. Title VII also prohibits employers from engaging in unlawful retaliation against persons who have opposed practices made unlawful by Title VII and/or participated or otherwise engaged in activities protected by Title VII.

4. Plaintiff seeks to recover damages in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well pre-judgment interest, attorneys' fees and costs resulting from Defendant's unlawful retaliation.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

6. Plaintiff filed a timely charge alleging, *inter alia*, racial discrimination, religious discrimination and retaliation[1], with the Equal Employment Opportunity Commission ("EEOC") on June 16, 2017, which was assigned charge number 540-2017-01841. The EEOC issued Plaintiff a Notice of Right to Sue on June 28, 2017.

7. Venue in this Court is proper and is predicated on 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the boundaries of this judicial district.

---

[1] Plaintiff's initial EEOC charge, filed on June 16, 2017, did not include retaliation. However, an amended charge which included retaliation was filed on August 31, 2017. Plaintiff was informed that his charge was considered duplicative and thus included under his Notice of Right to Sue received on June 28, 2017.

## **PARTIES**

8. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

9. On information and belief, at all times material hereto, Defendant Western Governors University was and continues to be an entity organized under the law of the State of Utah, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of these proceedings.

10. On information and belief, at times material hereto, Defendant Western Governors University, includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on its/their behalf.

11. At all relevant times, Defendant identified herein as, or discovered to be, corporations or other business entities were acting by and through officers, employees, agents, and contractors, who were acting within the course and scope of said office, employment, agency, or contractual authority.

12. On information and belief, Defendant made all managerial and operational decisions on behalf of the business.

13. At all relevant times, Defendant was and continues to be Plaintiff's "employer" within the meaning of 42 U.S.C. § 2000e(b).

14. At all relevant times, Defendant was acting through its agents and employees and is liable for the actions of those agents and employees under the doctrine of respondeat superior.

## FACTUAL BACKGROUND

15. Plaintiff is Latino.

16. Plaintiff is a non-denominational Biblical Christian.

17. On or about June 21, 2005, Plaintiff began his employment with Defendant as a Student Mentor.

18. At the time of his hire, Plaintiff was paid an annual salary of $43,000 a year, plus monthly allowances and bonuses.

19. Defendant's Program Manager, Abena Salvant ("Salvant"), was Plaintiff's supervisor.

20. On or about May 2016, another supervisor, Angela Sheppard, placed Plaintiff on a performance improvement plan ("PIP") for allegedly threatening a student.

21. Plaintiff denies ever threatening a student.

22. After being placed on a PIP, Plaintiff began to be subjected to harassment from his supervisors.

23. The harassment included, but was not limited to, not responding to Plaintiff with a status of the PIP and whether he was still in good standing with Defendant.

24. Plaintiff believes that the true source of his disparate treatment arose from the fact that he is a Latino and a non-denominational Biblical Christian.

25. Plaintiff believes that the majority of Defendant's management are Mormon and Caucasian.

26. Plaintiff complained to Defendant's management that he felt that Latinos were under-represented in the workplace, and that there were very few non-Mormon employees as well.

27. Plaintiff believes that non-Latino and Mormon employees were treated better than him by Defendant.

28. For example, Plaintiff believes that others Student Mentors committed the same errors in their work that Defendant alleged Plaintiff committed, and for which he was ultimately given as a reason for his termination.

29. The Student Mentors who also allegedly committed the error in work for which Defendant terminated Plaintiff were non-Latino and Mormon.

30. Plaintiff believes these individuals were not subjected to any sort of discipline by Defendant, and that their jobs were not terminated by Defendant.

31. But for his race, Latino, Plaintiff would not have targeted for harassment by Defendant and ultimately fired from his job.

32. But for his religion, non-denominational Biblical Christian, Plaintiff would not have been targeted for harassment by Defendant and ultimately fired from his job.

33. But for engaging in a protected activity, complaining to Defendant's management about racial and religious discrimination, Plaintiff would not have been targeted for harassment by Defendant and ultimately fired from his job.

34. Plaintiff was led to believe he was terminated for committing a Family Educational Rights and Privacy Act ("FERPA") violation.

35. However, Plaintiff did not commit any FERPA violation.

36. One of Plaintiff's co-workers, a non-Latino, did commit a FERPA violation and was not terminated by Defendant.

37. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE
## RACE DISCRIMINATION (42 U.S.C. § 2000, *et seq.*)

38. Plaintiff incorporates and adopts paragraphs 1 through 37 above as if fully set forth herein.

39. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race, Latino, in violation of Title VII, as a result of discriminatory and hostile work environment created by one of Defendant.

40. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1) provides in pertinent part, that it shall be unlawful employment practice for an employer:

> [T]o…discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, or national origin…

41. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(2) provides in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o limit, segregate, or classify his employees…in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color, religion, sex, or national origin.

42. Plaintiff is Latino and a member of a protected class of individuals entitled to the protection of Title VII.

43. Defendant has engaged in unlawful discrimination and unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-2(a)(1) & (2) including, but not limited to:

   a) Treating Plaintiff less favorably than similarly situated non-Latino employees in the terms and conditions of their employment, including, but not limited to, not subjecting them to harassing behavior and not terminating them from their job.

   b) Creating a hostile work environment because of Plaintiff's race, which was severe or pervasive such that it substantially altered the terms and conditions of his employment.

44. Plaintiff's race, Latino, was a motivating factor in Defendant's treatment of Plaintiff.

45. As set forth above, at all relevant times Plaintiff was treated less favorably than his non-Latino co-workers and was subjected to an ongoing and continuing hostile work environment.

46. As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

47. By virtue of one, more or all of the foregoing violations of Title VII as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

48. By virtue of one, or all of the foregoing violations of Title VII as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which they are entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

49. The actions of Defendant were undertaken with reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant:

   a. Awarding Plaintiff compensation in the amount due for lost wages and benefits, out-of-pocket expenses and monetary loss lost by Plaintiff as a result of Defendant's Title VII violations in an amount proved at trial;
   b. Awarding Plaintiff actual monetary losses sustained by Plaintiff as a direct result of Defendant's Title VII violations;

    c. Awarding Plaintiff equitable relief as may be appropriate, including employment, reinstatement, promotion, and front pay;

    d. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation;

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    g. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## RELIGION DISCRIMINATION (42 U.S.C. § 2000, *et seq.*)

50. Plaintiff incorporates and adopts paragraphs 1 through 49 above as if fully set forth herein.

51. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his religion, non-denominational Biblical Christian, in violation of Title VII, as a result of discriminatory and hostile work environment created by one of Defendant.

52. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1) provides in pertinent part, that it shall be unlawful employment practice for an employer:

> [T]o…discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

> terms, conditions, or privileges of employment because of such individual's race, color, religion, or national origin…

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(2) provides in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o limit, segregate, or classify his employees…in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's race, color, religion, sex, or national origin.

54. Plaintiff is a non-denominational Biblical Christian and a member of a protected class of individuals entitled to the protection of Title VII.

55. Defendant has engaged in unlawful discrimination and unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-2(a)(1) & (2) including, but not limited to:

    c) Treating Plaintiff less favorably than similarly situated Mormon employees in the terms and conditions of their employment, including, but not limited to, not subjecting them to harassing behavior and not terminating them from their job.

    d) Creating a hostile work environment because of Plaintiff's religion, non-denominational Biblical Christian, which was severe or pervasive such that it substantially altered the terms and conditions of his employment.

56. Plaintiff's religion, non-denominational Biblical Christian, was a motivating factor in Defendant's treatment of Plaintiff.

57. As set forth above, at all relevant times Plaintiff was treated less favorably than his non-Mormon co-workers and was subjected to an ongoing and continuing hostile work environment.

58. As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

59. By virtue of one, more or all of the foregoing violations of Title VII as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

60. By virtue of one, or all of the foregoing violations of Title VII as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which they are entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

61. The actions of Defendant were undertaken with reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant:

    h. Awarding Plaintiff compensation in the amount due for lost wages and benefits, out-of-pocket expenses and monetary loss lost by Plaintiff as a result of Defendant's Title VII violations in an amount proved at trial;

     i. Awarding Plaintiff actual monetary losses sustained by Plaintiff as a direct result of Defendant's Title VII violations;

     j. Awarding Plaintiff equitable relief as may be appropriate, including employment, reinstatement, promotion, and front pay;

     k. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation;

     l. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

     m. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

     n. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## RETALIATION (42 U.S.C. § 2000-3(a))

62. Plaintiff incorporates and adopts paragraphs 1 through 61 above as if fully set forth herein.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides in pertinent part:

> [I]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by [Title VII] … or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII] …

64. Plaintiff has opposed practices made unlawful by Title VII and/or participated or otherwise engaged in activities protected by Title VII, so as to be entitled to the protection of Title VII for such activity, including, but not limited to, making oral internal complaints of unlawful discrimination and harassment.

65. After Plaintiff engaged in activity protected by Title VII, including but not limited to, making internal complaints, Defendant engaged in unlawful retaliation and other unlawful employment practices prohibited by 42 U.S.C. §§2000e-3(a), including, but not limited to, one or more of the following acts or omissions:

    a. Treating Plaintiff less favorably than similarly situated non-Latino and Mormon employees in the terms and conditions of their employment, including, but not limited to, not subjecting them to harassing behavior and not terminating them from their job;

    b. Criticizing and berating Plaintiff for complaining about racial and religious discrimination in the workplace; and

    c. Terminating Plaintiff's employment after he made complaints about racial and religious discrimination in the workplace.

66. As a direct result of the retaliatory action by Defendant, Plaintiff has suffered damage to his career, mental and emotional stress, pain and suffering, anger, depression, anxiety, humiliation, and embarrassment.

67. As a direct result of the retaliatory action by Defendant, Plaintiff was unemployed for a period of time.

68. By virtue of one, more or all of the foregoing violations of Title VII as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

69. By virtue of one, or all of the foregoing violations of Title VII as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which they are entitled to recover from Defendant, plus pre-judgment interest, attorneys' fees and costs.

70. The actions of Defendant were undertaken with reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant:

  a) Awarding Plaintiff compensation in the amount due for lost wages and benefits, out-of-pocket expenses and monetary loss lost by Plaintiff as a result of Defendant's Title VII violations in an amount proved at trial;
  b) Awarding Plaintiff actual monetary losses sustained by Plaintiff as a direct result of Defendant's Title VII violations;
  c) Awarding Plaintiff equitable relief as may be appropriate, including employment, reinstatement, promotion, and front pay;
  d) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation;

e) Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f) Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

g) For such other and further relief as the Court deems just and proper.

Dated: September 18, 2017                Respectfully submitted,

**PHILLIPS DAYES LAW FIRM PC**

By: /s/ Sean C. Davis
    Sean C. Davis
    Trey Dayes
    Preston K. Flood

    Attorney for Plaintiffs